```
             IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ARTHUR ALAN WOLK and ARTHUR    :    CIVIL ACTION
ALAN WOLK ASSOCIATES d/b/a     :
THE WOLK LAW FIRM              :
                               :
                               :
          v.                   :
                               :
                               :
WESTPORT INSURANCE CORPORATION :    NO. 09-cv-0998-JF
```

MEMORANDUM

Fullam, Sr. J.                                         August 9, 2010

      This is the second of two lawsuits filed by the plaintiffs, Arthur Alan Wolk and his law firm, against their former professional liability insurer, Westport Insurance Corporation. In the first lawsuit ("the coverage action"), which is still pending, the plaintiffs sued the defendant asserting claims arising out of the defendant's decision not to defend the plaintiffs against claims allegedly asserted against them in connection with their representation of a client in a state court lawsuit.

      In this case, the plaintiffs assert that the defendant retaliated against them and falsely reported the cost of defending itself against the coverage action as a loss under the insurance policy, making it more difficult for them to find a replacement insurer. As a result, the plaintiffs allege that they could only obtain a replacement insurance policy at greater cost and with less favorable terms.

The plaintiffs assert claims for: 1) tortious interference; 2) disparagement; and 3) contractual bad faith. The defendant has moved to dismiss the lawsuit, or for summary judgment on all of the plaintiffs' claims. The plaintiffs oppose this motion. The parties have not had the opportunity to conduct discovery, and therefore I will treat the defendant's motion as a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).

The plaintiffs have not stated a claim for tortious interference with prospective business advantage. To be held liable, the defendant must have prevented the prospective business relationship from occurring. <u>Acumed LLC v. Advanced Surgical Servs., Inc.</u>, 561 F.3d 199, 212 n.9 (3d Cir. 2009)(citing <u>Gemini Physical Therapy & Rehab., Inc. v. State Farm Mut. Auto. Ins. Co.</u>, 40 F.3d 63, 66 (3d Cir. 1994)). Liability cannot be premised on conduct that simply increases the cost of doing business. <u>Id.</u> Here, the plaintiffs have secured insurance coverage; the harm alleged by the plaintiffs is limited to higher insurance premiums and less favorable contract terms. Accordingly, this claim fails.

Plaintiffs' claim for commercial disparagement is barred by the applicable one-year statute of limitations. <u>Pro Golf Mfg., Inc. v. Tribune Review Newspaper Co.</u>, 809 A.2d 243, 245 (Pa. 2002). A court may dismiss a claim for failure to

comply with the statute of limitations if it is apparent from the face of the pleadings that the deadline has not been met and the affirmative defense has been asserted. <u>Oshiver v. Levin, Fishbein, Sedran, & Berman</u>, 38 F.3d 1380, 1384 n.1 (3d Cir. 1994). Here, the plaintiffs assert that the defendant cast them in a false light and harmed their ability to obtain replacement insurance by falsely reporting its costs under the insurance policy in 2006 and early 2007, but the plaintiffs did not file suit until March 2009, well outside of the one-year statute of limitations.[1]

The plaintiffs argue that their commercial disparagement claim was timely filed because it relates back to the date that the coverage action was filed in December 2006. Under Rule 15(c) of the Federal Rules of Civil Procedure, an amendment to a pleading relates back to the date of the filing of the original pleading where the claims arose out of the same transaction or occurrence; however, the Third Circuit Court of Appeals has not permitted relation back where, as here, the related claim was filed in a separate lawsuit and was not an

---

[1] The plaintiffs' complaint alleges that beginning in **2007**, the defendant began reporting the costs of defending itself in the coverage action as a loss under the plaintiffs' insurance policy. That apparently is inaccurate. In the plaintiffs' brief in opposition to the motion to dismiss, counsel notes that the defendant first issued the allegedly false loss reports in **2006** and acknowledges the error. The brief also states that the defendant repeated this allegedly false reporting in early 2007.

"amendment to a pleading." United States ex rel. Malloy v. Telephonics Corp., 68 Fed. App'x 270, 273 (3d Cir. 2003) (unpublished), *abrogation on other grounds recognized by* United States ex rel. Bauchwitz v. Holloman, 671 F. Supp. 2d 674, 694 (E.D. Pa. 2009).

Even if the plaintiffs had sought to amend their first lawsuit to add a claim for commercial disparagement, it is unclear whether the claim would meet the requirements of Rule 15(c) or (d) (governing supplemental pleadings). The two lawsuits address the same insurance policy; however, the first lawsuit involves the denial of a request for a defense, while the second lawsuit seeks recovery based on the termination of the policy and the defendant's reporting of the losses incurred under the policy. It is not clear that those claims arose out of the same transaction or occurrence. Further, the record reflects that the plaintiffs obtained the loss reports from the defendant in 2006 and early 2007; yet plaintiffs did not take any action with regard to these allegedly false loss reports until March 2009, more than 2 years after the earlier lawsuit was filed and after the first loss report had been received, suggesting that the plaintiffs acted with undue delay. Plaintiffs' claim for commercial disparagement is dismissed as untimely.

The defendant's motion to dismiss will be denied as to the plaintiffs' claim for contractual bad faith. Under

4

Pennsylvania law, a plaintiff's claim for contractual bad faith will be construed as a claim for breach of the contractual duty to act in good faith. <u>CRS Auto Parts, Inc. v. Nat'l Grange Mut. Ins. Co.</u>, 645 F. Supp. 2d 354, 364 (E.D. Pa. 2009).

The defendant argues that this claim must be dismissed because a claim for breach of the contractual duty to act in good faith can only be asserted in connection with a breach of contract claim. The insurance contract only obligated the defendant to provide the plaintiffs with loss information if they requested it within ten days after they received notice of the nonrenewal of the policy. The defendant argues that the plaintiffs requested this information more than ten days after they received notice; therefore, the defendant did not provide the plaintiffs with the requested loss information pursuant to any provision of the contract. Also, the defendant argues that the claim must fail because, under Pennsylvania law, a liability insurer's duty to act in good faith is limited to those acts taken to defend or settle claims against an insured, and here the plaintiffs' claim is based on the defendant's reporting of losses under the insurance policy.

It seems to me that once the defendant undertook to provide the loss information, it was required to do so truthfully, and there exists a dispute as to whether that was done. My conclusion is the same whether the information was

5

provided pursuant to the terms of the insurance contract or by separate agreement of the parties.  Further, the defendant has not provided any support for the assertion that a claim for breach of the contractual duty to act in good faith is strictly limited to situations where the insurer has defended or settled a claim on behalf of the insured.  The cases the defendant has cited simply reflect that the claim most often arises, and is well-established, in that context.  Upon further development of the record, dismissal may well be warranted, however, the plaintiffs will be allowed to proceed with this claim.

An order will be entered.

BY THE COURT:


/s/ John P. Fullam
John P. Fullam    Sr. J.